**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AUDREY CARTER TAYLOR, : | |
| : | Civil Action No. 09-4029(FLW) |
| Plaintiff, : | |
| v. : | **OPINION** |
| HELENE FULD HOSPITAL, et al., : | |
| Defendants. : | |

**APPEARANCES:**

    AUDREY CARTER, Plaintiff <u>pro se</u>
    P.O. BOX 2113
    Trenton, New Jersey 08607

**WOLFSON, District Judge**

    Plaintiff Audrey Carter Taylor (hereinafter "Plaintiff"), brings this action <u>in forma pauperis</u>, alleging that the named defendants discriminated against her by hospitalizing her against her will and performing "unusual treatment" in violation of her civil rights. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed <u>in forma pauperis</u> without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should

be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the following defendants: Helene Fuld Hospital, a/k/a Capital Health System; the State of New Jersey Department of Health and Senior Services; Anne Milgram; Governor Corzine; and Al Maghazehe, Chief Executive.  (Compl., pg. 1).

Plaintiff appears to allege that she was hospitalized against her will, held in restraints, and medicated when she was in college over ten years ago.  She also alleges that the hospital failed to treat her for her diabetes.  She does not allege any facts against the other named defendants.

Plaintiff seeks $2 million in monetary damages and asks that new laws for mental health and emergency room waiting time be made.

## DISCUSSION

**A.   Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must

be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court

3

reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

>     cause of action, supported by mere conclusory statements, do
>     not suffice ... . Rule 8 ... does not unlock the doors of
>     discovery for a plaintiff armed with nothing more than
>     conclusions. Second, only a complaint that states a
>     plausible claim for relief survives a motion to dismiss.
>     Determining whether a complaint states a plausible claim for
>     relief will ... be a context-specific task that requires the
>     reviewing court to draw on its judicial experience and
>     common sense. But where the well-pleaded facts do not
>     permit the court to infer more than the mere possibility of
>     misconduct, the complaint has alleged-but it has not
>     "show[n]"-"that the pleader is entitled to relief." Fed.
>     Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

>     a court considering a motion to dismiss can choose to begin
>     by identifying pleadings that, because they are no more than
>     conclusions, are not entitled to the assumption of truth.
>     While legal conclusions can provide the framework of a
>     complaint, they must be supported by factual allegations.
>     When there are well-pleaded factual allegations, a court
>     should assume their veracity and then determine whether they
>     plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

    This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

B.  **Claims Against Helene Fuld Hospital**

Plaintiff appears to allege that her civil rights were violated when she was hospitalized and restrained against her will while she was in college ten years ago.  This claim will be dismissed as time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir.2007)("district court may sua sponte dismiss a claim as

time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run")(citing Jones v. Bock, Pino v. Ryan)(not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007)(emphasis in original). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D.Pa. Feb. 2, 1996)(citing Oshiver, 38 F.3d at 1386).

Civil rights or constitutional tort claims, such as that presented here, namely unlawful restraint and forced medication,

7

are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has

"in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, Plaintiff's allegations of forced hospitalization and unlawful restraint against her will admittedly occurred when she was in college over ten years ago.  There is no question that Plaintiff would have had actual knowledge of the injuries that constitute the basis for her claim against Helene Fuld Hospital. Thus, it would indisputedly appear that her claim is now time-

barred.  This Complaint was submitted on August 4, 2009, long after the two-year statute of limitations period had expired.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Nor does Plaintiff plead ignorance of the law, which is not sufficient on its own to relax the statute of limitations bar in this instance, as the basis for delay in bringing suit.  Indeed, this Court notes that Plaintiff is no stranger to this Court having filed numerous lawsuits in this district since 2000.  Consequently, Plaintiff cannot excuse her late filing based on ignorance of the law.  This omission strongly militates against equitable tolling of the statute of limitations.

Therefore, the Court finds that Plaintiff's claims against Helene Fuld Hospital pertaining to her hospitalization, unlawful restraints and forced medication and treatment, as asserted in this Complaint, are now time-barred, and the Complaint will be dismissed with prejudice in its entirety, accordingly.

To the extent that Plaintiff may be alleging claims of medical negligence for the times she went to the emergency room at Helene Fuld Hospital in 2009, namely, having to wait for treatment and failure to monitor her diabetes, these claims are state common law tort claims, over which this Court declines to exercise supplemental jurisdiction, because there are no claims

pending in this action over which this Court has original jurisdiction.  See 28 U.S.C. § 1367(c)(3).

**C.  Claims Against Remaining Defendants**

Finally, this Court will dismiss the Complaint with respect to the remaining defendants, the State of New Jersey Department of Health and Senior Services; Ann Milgram; Governor Corzine and Al Maghazehe, Chief Executive, because Plaintiff has asserted no allegations of any kind against these defendants to support a civil rights violation claim.

In addition, Plaintiff asks for relief beyond this Court's jurisdiction, namely, that new laws be created regarding mental health and emergency room care, which is more properly accomplished through the legislative branch of government.

## CONCLUSION

For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's federal question claim alleging forced hospitalization and medication and unlawful restraint, as against defendant, Helene Fuld Hospital, because the claim is now time-barred.  Further, the Complaint will be dismissed in its entirety, as against the remaining defendants, the State of New Jersey Department of Health and Senior Services; Ann Milgram; Governor Corzine and Al Maghazehe, Chief Executive, for failure to state a claim upon which relief may be granted.  Plaintiff's state law claims against defendant Helene Fuld Hospital, alleging medical negligence, will be dismissed without prejudice, because

the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (c)(3).   An appropriate Order accompanies this Opinion.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge
Dated: September 1, 2009

12